Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
Nathan A. Perea, Esq. (State Bar No. 235791)
nperea@smitlaw.com
SMITH LAW OFFICES, APC
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorney for Plaintiff
RONALD L. SELBERG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SELBERG,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE; AND LACK OF INFORMED CONSENT**<br><br>*Complaint filed on* |

Plaintiff RONALD L. SELBERG, by and through undersigned counsel, states the following as his Complaint against Defendant UNITED STATES OF AMERICA:

## JURISDICTION AND VENUE

1. On or about January 8, 2014, RONALD L. SELBERG presented a Federal Tort Claim for Damage, Injury, or Death pursuant to 28 USC §2675, as a consequence of the matters at issue in this lawsuit. A copy of the Federal Tort Claim is attached hereto as Exhibit "A".

2. The Department of Veterans Affairs acknowledged receipt of the Tort Claim on January 21, 2014. A copy of the acknowledgment letter from the Department of Veterans Affairs Regional Counsel is attached hereto as Exhibit "B". The Department of Veterans Affairs has failed to respond with a

P:\WORDP\Case Files\P\133(v) Selberg\p-complaint.wpd

1  determination within the six (6) month time period allowed by the Federal Tort
2  Claims Act. Therefore, Plaintiff's Tort Claim is deemed denied.

3.  Mr. Selberg has exhausted his administrative remedies pursuant to 28 U.S.C. §2675, and he has properly commenced this lawsuit against the United States of America.

4.  This Court holds jurisdiction pursuant to 28 U.S.C. §1331 because the claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq. The Court also holds supplemental jurisdiction to consider claims arising under the laws of the State of California pursuant to 28 U.S.C. §1367(a).

5.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1391(b) because substantial events and omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

6.  Plaintiff RONALD L. SELBERG ("Mr. Selberg") is an adult individual residing in the City of Beaumont, County of Riverside, California. At all times herein mentioned, Mr. Selberg was a veteran of the United States Air Force, honorably discharged from service after over 22 years of duty.

7.  At all times material hereto, Defendant UNITED STATES OF AMERICA ("USA") undertook, through its agents, servants, workers, ostensible agents, and employees at the Veteran Affairs Medical Center facility at Loma Linda, California ("VAMC-LL") to provide medical and health care services to veterans like Mr. Selberg. The VAMC-LL is a "health care provider" as that term is defined by the Medical Care Availability and Reduction of Error Act (M-Care Act) and is engaged in the business of providing health care and services to veterans of the United States military, maintaining a principal place of business in Loma Linda, California. At all times material hereto, the VAMC-LL acted individually and by and through their agents, servants, workers, ostensible agents,

1  and employees, and various doctors, nurses, technicians, assistants, staff, workers,
2  agents, ostensible agents and employees.
3      8.    Defendant USA - by and through the VAMC-LL, and its agents,
4  servants, workers, ostensible agents, and employees - held themselves out as a
5  provider and institution equipped and staffed to provide skilled and competent
6  diagnosis and treatment of medical conditions, including the medical condition for
7  which Plaintiff sought treatment.
8      9.    The true names and capacities of the defendants, DOES 1 through 10,
9  whether individual, corporate, associate or otherwise, are unknown to Mr. Selberg
10 at the time of filing this Complaint and he therefore sues said defendants by such
11 fictitious names and will ask leave of Court to amend this Complaint to show their
12 true names or capacities when the same have been ascertained.  Mr. Selberg is
13 informed and believes, and thereon alleges, that each of the DOE defendants are,
14 in some manner, responsible for the events and happenings herein set forth and
15 proximately caused injury and damages to the plaintiff as herein alleged.
16     10.    Mr. Selberg is asserting, among other things, professional liability
17 claims against Defendant, USA.

## FACTUAL BACKGROUND

19     11.    Mr. Selberg is a military veteran who received medical treatment over
20 the years through the Veterans Administration.
21     12.    As a result of hearing loss due to significant exposure to noise during
22 his 22 years in the Air Force, Mr. Selberg obtained hearing tests, audiograms and
23 other hearing-related services from the VAMC-LL.
24     13.    On or about March 21, 2013, Mr. Selberg underwent an audiogram at
25 the VAMC-LL, conducted by an audiologist, Michael P. Lindeman.  At that time,
26 the audiologist referred Mr. Selberg to the Ear, Nose and Throat service for
27 cerumen removal from his left ear.
28     14.    On or about April 29, 2013, during the cerumen removal irrigation

1 procedure, Mr. Selberg experienced no problem with the left ear. However, when the technician (name unknown) performed the irrigation to remove cerumen in the right ear, Mr. Selberg heard a very loud "pop". Immediately thereafter, the hearing in his right ear deteriorated and he could no longer distinguish words with his right ear.

15. Mr. Selberg went through subsequent procedures in an attempt to repair his damaged right ear from the cleaning procedure, but finally it was necessary to be fitted with hearing aids. Even with hearing aids, the hearing in his right ear remains distorted and he has continued difficulty recognizing words in his right ear.

## CLAIM I
## NEGLIGENCE

16. Mr. Selberg incorporates by reference the allegations and averments set forth in paragraphs 1 - 15, as though set forth at length here.

17. At all times material hereto, the personnel rendering care and treatment to Mr. Selberg were acting as agents, servants, employees, ostensible agents, workmen, and/or representatives of Defendant USA, and were engaged in the course and scope of their employment or ostensible employment.

18. Defendant USA, as operator of the VAMC-LL, owed duties and obligations to Mr. Selberg to ensure that his medical care and treatment was appropriate.

19. Defendant USA was negligent in its treatment and care of Mr. Selberg by, among other acts or omissions, negligently performing the cerumen removal procedure and causing damage in injury to Mr. Selberg.

20. Such negligence caused injury, including the collapsed tympanic membrane and resulting significant hearing loss and sound distortion in his right ear. Defendant USA, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully treated, provided medical care, information, monitoring,

examination, surgery, diagnosis and other medical services, so as to directly and proximately cause Mr. Selberg's injury and the resultant need to be fitted with hearing aids, which did not restore his hearing to pre-injury levels.

21. As a direct and proximate result of the negligent treatment received by Mr. Selberg by the personnel employed by Defendant USA, Mr. Selberg sustained pain, suffering, anger, frustration, anxiety, humiliation, embarrassment, permanent hearing loss and sound distortion in his right ear, all in an amount to be established according to proof.

22. As a direct and proximate result of the negligent treatment received by Mr. Selberg from the personnel employed by Defendant USA, Mr. Selberg incurred and will continue to incur costs and expenses related to on-going medical care, hearing aids and other associated expenses.

## CLAIM II
## LACK OF INFORMED CONSENT

23. Mr. Selberg incorporates by reference the allegations and averments set forth in paragraphs 1 - 22, as though set forth at length here.

24. At all times material hereto, the personnel rendering care and treatment to Mr. Selberg were acting as agents, servants, employees, ostensible agents, workmen, and/or representatives of Defendant USA, and were engaged in the course and scope of their employment or ostensible employment.

25. Defendant USA, as operator of the VAMC-LL, owed duties and obligations to Mr. Selberg to ensure that his medical care and treatment was appropriate.

26. Defendant USA was negligent in its treatment and care of Mr. Selberg by, among other acts or omissions, failing to obtain informed consent from Mr. Selberg before performing the cerumen removal procedure by failing to inform him of the risks and potential for injury presented by a cerumen removal

P:\WORDP\Case Files\P\133(v) Selberg\p-complaint.wpd     5
**COMPLAINT FOR DAMAGES**

procedure, including but not limited to collapse or perforation of the tympanic membrane, damage to or loss of hearing, and/or sound.

27. Because Mr. Selberg was not informed of all the potential risks of a cerumen removal procedure, he could not and did not provide informed consent for such procedure.

28. Due to Defendant USA's negligence in performing the cerumen removal procedure without informed consent, Mr. Selberg suffered injury, including the collapsed tympanic membrane and resulting significant hearing loss and sound distortion in his right ear. Defendant USA, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully treated, provided medical care, information, monitoring, examination, surgery, diagnosis and other medical services, so as to directly and proximately cause Mr. Selberg's injury and the resultant need to be fitted with hearing aids, which did not restore his hearing to pre-injury levels.

29. As a direct and proximate result of the lack of informed consent by Mr. Selberg for the cerumen removal procedure performed by Defendant USA, Mr. Selberg sustained pain, suffering, anger, frustration, anxiety, humiliation, embarrassment, permanent hearing loss and sound distortion in his right ear, all in an amount to be established according to proof.

30. As a direct and proximate result of the lack of informed consent by Mr. Selberg for the cerumen removal procedure performed by Defendant USA, Mr. Selberg incurred and will continue to incur costs and expenses related to on-going medical care, hearing aids and other associated expenses.

WHEREFORE, Plaintiff RONALD L. SELBERG seeks judgment against Defendant as follows:

For Claim I:

1. For general damages in an amount to be determined by proof at trial;

|     |     |                                                                                          |
| --- | --- | ---------------------------------------------------------------------------------------- |
| 2.  |     | For medical and related expenses in an amount to be determined by proof at trial;        |
| 3.  |     | For costs of this action;                                                                |
| 4.  |     | For interest according to law;                                                           |
| 5.  |     | For attorney fees, costs and expenses as authorized by law, according to proof; and      |
| 6.  |     | Any other and further relief as the Court considers proper.                              |

For Claim II:

1. For general damages in an amount to be determined by proof at trial;
2. For medical and related expenses in an amount to be determined by proof at trial;
3. For costs of this action;
4. For interest according to law;
5. For attorney fees, costs and expenses as authorized by law, according to proof; and
6. Any other and further relief as the Court considers proper.

DATED: January 12, 2015            SMITH LAW OFFICES, APC

By _____
Douglas C. Smith
Nathan A. Perea
Attorneys for Plaintiff
RONALD L. SELBERG